# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Nicholas Bentivegna
and Teresa Bentivegna of Real Estate
Tax Assessment Appeals and Review
of Allegheny County

Nicholas and Teresa Bentivegna,
Property Owners

Hampton Township, Municipality

Hampton Township School District

Block & Lot No. 1210-S-00133

Appeal of: Hampton Township
School District

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 86 C.D. 2023
SUBMITTED:  November 6, 2025

In re: Appeal of Nicholas and Teresa
Bentivegna, of Real Estate Tax
Assessment Set by the Board of
Property Assessment Appeals and
Review of Allegheny County

Nicholas and Teresa Bentivegna,
Property Owners

Hampton Township, Municipality

Hampton Township School District

Block & Lot No. 1210-S-00133

Appeal of: Hampton Township School
District

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 87 C.D. 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  December 22, 2025**

          Hampton Township School District appeals from the order of the Court of Common Pleas of Allegheny County granting Nicholas and Teresa Bentivegna's (Taxpayers) motion to transfer, in part, the underlying case to the general docket, and ordering that discovery proceed immediately and that the related action before the Board of Viewers continue simultaneously.  Because the trial court's order is neither a final order nor a collateral order from which an immediate appeal may be taken, we are constrained to quash the appeals.

          The pertinent facts are as follows.  Taxpayers own property located at 2328 West Hardies Road, Gibsonia, in Hampton Township (the Property), which they purchased in September 2020.  In February 2021, the District filed a tax assessment appeal with the Allegheny County Board of Property Assessment Appeals and Review (BPAAR) challenging the Property's 2021 assessed value. Following a hearing, BPAAR granted the District's appeal and increased the assessment for the Property from $109,200 to $161,900.  Reproduced Record (R.R.) at 12a, 28a.  The revised assessment resulted in a total tax increase of $1,442.09 annually.  R.R. at 13a.

          Taxpayers appealed BPAAR's decision to the trial court naming the District, Hampton Township, Allegheny County, and BPAAR as parties.  Count 1 of the petition is a standard tax assessment appeal requesting that the Property's assessment be returned to $109,200.  Count 2 seeks declaratory relief, raising a facial

challenge to the constitutionality of Section 520 of the General County Assessment Law[1] which enables school districts and other municipalities to appeal property tax assessments. Because Taxpayers challenged BPAAR's assessment determination, the appeal was assigned to the trial court's Board of Viewers pursuant to Local Rule 503(9)[2] and given a BV docket number.

The District filed preliminary objections seeking to strike Count 2 on the basis that the Board of Viewers lacked subject matter jurisdiction over Taxpayers' constitutional claim. In October 2021, the trial court issued an order, referred to by the parties as the Consent Order, stating that Taxpayers and the District

> agree that proceedings related to Count 2 of Taxpayers' [p]etition for [a]ppeal shall be deferred until the conclusion of the Board of Viewers proceeding [sic] and rulings on any objections thereto, pursuant to Local Rule 503(15)(a). In the event the case has not been resolved at the conclusion of administrative remedies under Rule 503, the case, by motion by either party, shall be transferred to the General Docket (GD) for proceedings related to said Count 2. Discovery shall likewise be deferred and shall not commence until such transfer has been completed.

R.R. at 47a.

The Board of Viewers held two conciliations over the next 14 months but "failed to hold or schedule a hearing," and the parties were unable to reach an agreement. Trial Ct.'s 3/24/2023 Pa.R.A.P. 1925(a) Op. at 2. Therefore, in December 2022, Taxpayers filed a motion to transfer the case to the General Docket. Taxpayers averred that while the Consent Order did not provide a time limit for the Board of Viewers proceedings to conclude, their intent and purpose in consenting to

---

[1] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020-520.

[2] *See* Allegheny Cnty. Civ. Fam. R. 503(9).

defer action on the constitutional claim "was to see the case move forward in an expeditious and efficient manner." R.R. at 54a. Taxpayers claim that when that did not happen they were required to pay the increased taxes in August of 2021 and 2022. Taxpayers requested that discovery on the constitutional claim commence immediately and that the action before the Board of Viewers be stayed pending disposition of Count 2.

Following argument, the trial court granted, in part, Taxpayers' motion and essentially bifurcated the case. While the trial court's order directed the prothonotary to "transfer" the case to the General Docket and stated that discovery should proceed immediately, it also ordered that the action before the Board of Viewers "shall continue simultaneously." R.R. at 61a, 62a. The District filed a petition for reconsideration, which the trial court denied, and the District subsequently filed notices of appeal at both the General Docket No. GD-22-016257 and the Board of Viewers Docket No. BV-21-000894.

By order issued May 2, 2023, this Court consolidated the District's appeals for purposes of briefing and disposition and ordered that the parties address the appealability of the trial court's order[3] in their principal briefs on the merits or an appropriate motion. As for the merits of the District's appeals, it argues that the trial court committed an error of law by modifying the plain terms of the Consent Order absent a showing by Taxpayers of fraud, accident, or mistake. Necessarily

---

[3] The trial court order here is not a final order and does not meet the criteria for an interlocutory order appealable as of right. *See* Pa.R.A.P. 341(b)(1) (generally, "[a] final order[] . . . disposes of all claims and of all parties"); Pa.R.A.P. 311 (pertaining to interlocutory appeals as of right). Thus, for the order to be immediately appealable it must qualify as a collateral order pursuant to Pa.R.A.P. 313.

implicated in this argument is the District's contention that the Consent Order qualifies as a consent decree.[4]

We begin with the threshold issue of appealability. In general, a litigant may appeal only from a final order. *See* Pa.R.A.P. 341(a). Notwithstanding, Pennsylvania Rule of Appellate Procedure 313(b),

> otherwise known as the collateral order doctrine[] . . . provides that an interlocutory order is collateral and, therefore, immediately appealable, if it is: "[1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

*K.C. v. L.A.*, 128 A.3d 774, 777 (Pa. 2015) [quoting Pa.R.A.P. 313(b)]. Our courts "construe the collateral order doctrine narrowly, and insist that each one of its three prongs be 'clearly present' before collateral appellate review is allowed." *Brooks v. Ewing*, 259 A.3d 359, 370 (Pa. 2021) [quoting *Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018)].

Turning to the first prong, "an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *K.C.*, 128 A.3d at 778 (quotations omitted). *See also Brooks*, 259 A.3d at 371. Here, both parties maintain that the first prong of the test has been met, and we agree. This Court can address the issue of whether the trial court erred in modifying the terms of the Consent Order without reviewing the main causes of action, namely Taxpayers' assessment appeal and constitutional claim.

---

[4] The Township and BPAAR have been precluded from filing briefs or participating in oral argument due to their failure to comply with this Court's orders.

4

As for the second prong, "a right is important if 'the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule.'" *K.C.*, 128 A.3d at 779 [quoting *Commonwealth v. Williams*, 86 A.3d 771, 782 (Pa. 2014)]. Moreover, "the order must involve rights deeply rooted in public policy going beyond the particular litigation at hand, and it is not sufficient that the issue is important to the particular parties involved." *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 318 A.3d 100, 114-15 (Pa. 2024) [quoting *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015)].

The District attempts to meet the second prong by classifying the Consent Order as a consent decree, the terms of which cannot be modified absent agreement of the parties or a showing of fraud, accident, or mistake. *See* District's Br. at 9-10, 11. Thus, the District claims it "is not merely seeking to enforce the provisions of the Consent Order[,]" but "seeking to protect against a unilateral abrogation of a mutually agreed upon contract." *Id.* at 9. According to the District, the trial court's decision to disregard the terms of the Consent Decree implicates public policy that extends beyond this case "and affects the validity and enforceability of every consent order in this Commonwealth." *Id.* at 10.

We do not disagree with the District's statement of law regarding consent decrees. Indeed,

> where a decree in equity is entered by the consent of the parties, it is binding upon the parties until they choose to amend it. . . . While a court may construe or interpret a consent decree as it would a contract, the court has neither the power nor the authority to modify or vary the decree unless there has been fraud, accident or mistake.

5

*Cecil Twp. v. Klements*, 821 A.2d 670, 674 (Pa. Cmwlth. 2003) (citations omitted). However, the Consent Order at issue here does not rise to the level of a "consent decree," which has been defined as "a contract which has been given judicial sanction[.]" *Commonwealth v. UPMC*, 208 A.3d 898, 909 (Pa. 2019) (quotation omitted). The mere fact that a trial court's order is entered upon agreement, or with the consent of the parties, does not automatically transform the order into a consent decree governable by contract law. Substantively, the Consent Order here is more akin to a case management order because it directs how the matter should proceed before the trial court. *See Martinez v. Dep't of Human Servs.* (Pa. Cmwlth., No. 979 C.D. 2024, filed June 20, 2025), slip op. at 6 (finding that trial court's orders directing the department to respond to a request for preliminary injunction, scheduling an evidentiary hearing, and denying a motion to modify a scheduling order were "routine case management-type orders" and did not qualify as collateral orders under Pa.R.A.P. 313);[5] *see also Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999) (trial court order refusing to approve a settlement was not an appealable collateral order because it only implicated rights important to the parties to that settlement and did not involve important public policy issues); *Brophy v. Phila. Gas Works*, 921 A.2d 80, 87-88 (Pa. Cmwlth. 2007) (trial court order granting, subject to certain conditions, preliminary approval to proposed class action settlement agreement failed to meet the importance prong of the collateral order doctrine). Given the nature of the Consent Order, this matter does not involve rights deeply rooted in public policy and is only important to these particular parties. Moreover, Taxpayers' frustration with the District's delay in seeking appeal of this interlocutory order reinforces the importance of the efficiency interests served by

---

[5] This unreported decision is cited for its persuasive value and not as binding precedent. *See* Pa.R.A.P. 126(b)(1), 210 Pa. Code § 69.414(a).

6

the final order rule and the need to avoid piecemeal litigation. *See, e.g.*, *Brophy*, 921 A.2d at 86.

Because the Consent Order does not meet all three prongs of the collateral order doctrine, we are constrained to quash the appeals for lack of jurisdiction.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Nicholas Bentivegna          :
and Teresa Bentivegna of Real Estate          :      No. 86 C.D. 2023
Tax Assessment Appeals and Review             :
of Allegheny County                           :
                                              :
Nicholas and Teresa Bentivegna,               :
Property Owners                               :
                                              :
Hampton Township, Municipality                :
                                              :
Hampton Township School District              :
                                              :
Block & Lot No. 1210-S-00133                  :
                                              :
Appeal of: Hampton Township                   :
School District                               :

In re: Appeal of Nicholas and Teresa          :
Bentivegna, of Real Estate Tax                :      No. 87 C.D. 2023
Assessment Set by the Board of                :
Property Assessment Appeals and               :
Review of Allegheny County                    :
                                              :
Nicholas and Teresa Bentivegna,               :
Property Owners                               :
                                              :
Hampton Township, Municipality                :
                                              :
Hampton Township School District              :
                                              :
Block & Lot No. 1210-S-00133                  :
                                              :
Appeal of: Hampton Township School            :
District                                      :

# **O R D E R**

AND NOW, this 22nd day of December, 2025, the appeals in the above-captioned matters are hereby QUASHED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita